UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS R.,<br><br>      Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,[1]<br><br>      Defendant. | Case No.: 22-cv-1444-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[DKT. NOS. 15, 17]** |

**I. INTRODUCTION**

Plaintiff Jesus R. seeks judicial review of the Commissioner of Social Security's denial of his application for disability benefits. Dkt. No. 1.[2] The parties filed cross-motions for Summary Judgment, and Plaintiff replied. Dkt. Nos. 15, 17, 18.

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 15), **DENIES** Defendant's Cross-Motion for Summary

---

[1] Martin O'Malley is substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

[2] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Judgment (Dkt. No. 17), and **REMANDS** this action for further proceedings consistent with this Order.

## II. PROCEDURAL BACKGROUND

Plaintiff applied for Supplemental Security Income alleging disability beginning December 18, 2019. AR 24.[3] The Social Security Administration denied Plaintiff's application initially and on reconsideration. *Id*. Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, after which the ALJ issued a written decision finding Plaintiff not disabled. AR 27–38. The Appeals Council denied Plaintiff's request for review (AR 1–6), and this case followed (Dkt. No. 1).

## III. SUMMARY OF ALJ'S DECISION

The ALJ's decision followed the five-step sequential evaluation process. *See* 20 C.F.R. § 416.920(a).

At step one, the ALJ found Plaintiff had "not engaged in substantial gainful activity since December 18, 2019," the alleged onset date. AR 27.

At step two, the ALJ found Plaintiff had the following severe impairments: anxiety, attention deficit hyperactivity disorder, autism, borderline intellectual functioning, and depression. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. *Id*. The ALJ then evaluated whether Plaintiff satisfied the "paragraph B" criteria. AR 27–29.

To satisfy the "paragraph B" criteria, the mental impairments must result in at least one extreme or two marked limitations in the following broad areas of functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate,

---

[3] "AR" refers to the Administrative Record lodged on December 2, 2022. Dkt. No. 11. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 416.920a. Applicants are scored in each area and assessed to have none (no limitation), mild, moderate, marked, or extreme limitation. *Id.*

The ALJ found Plaintiff had moderate limitations in all four functional areas. AR 27–29. Because Plaintiff's mental impairments did "not cause at least two 'marked' limitations or one 'extreme' limitation, the 'paragraph B' criteria [were] not satisfied." AR 29.

Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The work should be limited to simple, repetitive work involving understanding, remembering and carrying out no more than simple instructions, and not involving complex or detailed instructions. The work should be free of fast paced production requirements, such as assembly line work, and there should be few if any workplace changes. There should be no more than occasional interaction with supervisors and coworkers, with no tandem tasks, and no interaction with the general public.

AR 29.

At step four, the ALJ found Plaintiff had no past relevant work. AR 37.

At step five, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy. *Id.* The ALJ, therefore, concluded Plaintiff was not under a disability at any time since December 18, 2019. AR 38.

**IV. STANDARD OF REVIEW**

The Court reviews the ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214–15 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009

(9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison*, 759 F.3d at 1010. The Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Furthermore, the Court will not reverse for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' . . . .") (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

## V. DISCUSSION

Plaintiff argues the ALJ erred in discounting his subjective symptom testimony and evaluating the opinion of Dr. Brooke Curtis, Plaintiff's psychologist. Dkt. No. 15 at 5–11. Because the Court finds the ALJ erred in discounting Plaintiff's symptom testimony, it does not reach his medical opinion argument.

### A. **Plaintiff's Subjective Symptom Testimony**

Plaintiff challenges the ALJ's rejection of his subjective symptom testimony that "he becomes easily distracted[,] requires frequent redirection to remain on task for work and daily activities[,]" and has difficulty understanding "simple information" due to his "severe receptive and expressive language delays." Dkt. No. 15 at 8 (citing AR 54, 57, 245–46, 249–51).

In evaluating a claimant's subjective symptom testimony, an ALJ must engage in a two-step analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Garrison*, 759 F.3d at 1014–15). Second, "[i]f the claimant satisfies the first step . . . , and there is no evidence of malingering, the ALJ can

reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The "clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

The ALJ's decision found Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms" but found his "statements concerning the intensity, persistence and limiting effects of these symptoms . . . not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 31. The ALJ's decision stated Plaintiff's symptom testimony was inconsistent with: (1) Plaintiff's activities of daily living ("ADLs"); and (2) the objective medical evidence. AR 31–32.

The ALJ's decision does not explain how Plaintiff's ADLs—"preparing meals, performing household chores, and using public transportation independently"—conflict with Plaintiff's testimony. AR 32. This omission is error. *See Brown-Hunter*, 806 F.3d at 493–94 (finding legal error where "the ALJ never identified *which* testimony [he] found not credible, and never explained *which* evidence contradicted that testimony"); *Leza v. Kijakazi*, Case No. 21-16079, 2022 WL 819782, at *2 (9th Cir. Mar. 17, 2022) (finding "the ALJ's recitation of [the claimant's] daily activities, does not, without more, constitute a clear and convincing reason to reject her symptom testimony") (citation omitted).[4]

The ALJ's decision also fails to explain how the objective medical evidence undermines Plaintiff's testimony. This failure also constitutes legal error. *See Robbins*, 466 F.3d at 884 ("[E]ven if the ALJ had given facially legitimate reasons for his partial adverse

---

[4] The ALJ's decision also does not explain how the listed ADLs are "transferable" to a work environment. *See Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) (recognizing that "many home activities may not be easily transferable to a work environment . . . .").

credibility finding, the complete lack of meaningful explanation gives this court nothing with which to assess its legitimacy.").[5]

### B. Harmful Error

The Court next considers whether the ALJ's error is harmless. "[The Court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination" and if the Court "can confidently conclude that no reasonable ALJ, when [not making the same error], could have reached a different disability determination." *Stout*, 454 F.3d at 1055–56.

The ALJ's error is not harmless because the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting [Plaintiff's subjective symptom testimony], could have reached a different disability determination." *Id.* at 1056. Had the ALJ properly evaluated Plaintiff's subjective symptom testimony, the ALJ may have included additional limitations in the RFC, which may have resulted in a different disability determination. *See* 20 C.F.R. § 416.945(a)(3) (explaining the RFC assessment is dependent, in part, on Plaintiff's subjective symptom testimony).

### C. Dr. Curtis' Opinion

Plaintiff also argues the ALJ erred by improperly evaluating the opinion of Dr. Curtis. Dkt. No. 15 at 5–7. Because the Court is remanding for the ALJ to reassess Plaintiff's subjective testimony and, in turn, the RFC and step-four and step-five determinations, the Court does not reach this issue. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we

---

[5] Although the Commissioner's brief cites specific inconsistencies in the record (Dkt. No. 17 at 5–9), the ALJ must perform this analysis in the first instance. *See Ferguson v. O'Malley*, No. 21-35412, ___ F.4th ___, 2024 WL 1103364, at *7 (9th Cir. Mar. 14, 2024) (finding "the district court erred by affirming the ALJ's determination for a reason that the ALJ did not assert"); *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("Our decisions make clear that we may not take a general finding . . . and comb the administrative record to find specific conflicts.").

decline to reach [plaintiff's] alternative ground for remand."). On remand, however, the ALJ must address the persuasiveness of Dr. Curtis' opinion, including its supportability and consistency. 20 C.F.R. § 416.920c; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings . . . .") (internal citations omitted).

### D. Remanding for Further Proceedings

Plaintiff moves to "remand for rehearing." Dkt. No. 15 at 12. Because a reconsideration of Plaintiff's subjective symptom testimony and, in turn, Plaintiff's RFC might support a conclusion that Plaintiff was not disabled, a remand for further proceedings is appropriate. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115–16 (9th Cir. 2003) (remanding for further administrative proceedings where several "outstanding issues" remained to be resolved, so it was "not clear from the record that an [ALJ] would be required to find the claimant disabled and award disability benefits"); *see also Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) ("If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.").

//
//
//
//
//
//
//
//
//
//

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 15) and **DENIES** Defendant's Cross-Motion for Summary Judgment (Dkt. No. 17). The Clerk of Court shall enter judgment accordingly.

The Court **REMANDS** to the Commissioner for further consideration and development of the record in accordance with this Order.

**IT IS SO ORDERED.**

Dated:  March 27, 2024

Honorable Daniel E. Butcher
United States Magistrate Judge